<table>
<tr><td>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

</td><td>

CITY ATTORNEY'S OFFICE
CITY AND COUNTY OF SAN FRANCISCO
DENNIS J. HERRERA, State Bar #139669
City Attorney
JESSE C. SMITH, State Bar #122517
Chief Assistant City Attorney
RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
YVONNE R. MERÉ, State Bar #173594
SARA J. EISENBERG, State Bar #269303
MATTHEW D. GOLDBERG, State Bar #240776
Deputy City Attorneys
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone:    (415) 554-4748
Facsimile:    (415) 554-4715
E-Mail:        matthew.goldberg@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

</td><td>

OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
JAMES R. WILLIAMS, State Bar #271253
County Counsel
GRETA S. HANSEN, State Bar #251471
Chief Assistant County Counsel
LAURA TRICE, State Bar #284837
RAPHAEL N. RAJENDRA, State Bar #255096
JULIA B. SPIEGEL, State Bar #292469
H. LUKE EDWARDS, State Bar #313756
Deputy County Counsels
70 West Hedding Street
East Wing, Ninth Floor
San Jose, CA  95110-1770
Telephone:    (408) 299-5900
Facsimile:    (408) 292-7240
E-Mail:        luke.edwards@cco.sccgov.org

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

*Additional Counsel Listed on Next Two Pages*

</td></tr>
</table>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>

CITY AND COUNTY OF SAN FRANCISCO
and COUNTY OF SANTA CLARA,

    Plaintiffs,

    vs.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES, *et al.*,

    Defendants.

</td><td>

Case No. 19-cv-04717-PJH
Case No. 19-cv-04975-PJH
Case No. 19-cv-04980-PJH

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTIONS FOR
PRELIMINARY INJUNCTION**

</td></tr>
<tr><td>

STATE OF CALIFORNIA, *et al.*,

    Plaintiffs,

    vs.

U.S. DEPARTMENT OF HOMELAND
SECURITY; et al.,

    Defendants.

</td><td></td></tr>
<tr><td>

LA CLINICA DE LA RAZA, *et al.*,

    Plaintiffs,

    vs.

DONALD J. TRUMP, in his Official Capacity
as President of the United States, *et al.*,

    Defendants.

</td><td></td></tr>
</table>

XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
CHEROKEE DM MELTON
Supervising Deputy Attorney General
JENNIFER C. BONILLA
LISA CISNEROS
KATHERINE LEHE
JULIA HARUMI MASS
ANITA GARCIA VELASCO
BRENDA AYON VERDUZCO
ANNA RICH, State Bar No. 230195
Deputy Attorneys General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: 510-879-0296
Facsimile: 510-622-2270
E-mail: Anna.Rich@doj.ca.gov

Attorneys for Plaintiff
STATE OF CALIFORNIA

KARL A. RACINE
Attorney General for the District of Columbia
KATHLEEN KONOPKA
Deputy Attorney General
VALERIE M. NANNERY
ALACOQUE NEVITT
Assistant Attorneys General
441 4th Street, N.W., Suite 630 South
Washington, DC 20001
Telephone: (202) 442-9596
Facsimile: (202) 730-1465
E-mail: alacoque.nevitt@dc.gov

Attorneys for Plaintiff
DISTRICT OF COLUMBIA

AARON M. FREY
Attorney General of Maine
SUSAN P. HERMAN*
Deputy Attorney General 6 State House Station
Augusta, Maine 04333-0006
Telephone: (207) 626-8814
Email: susan.herman@maine.gov

Attorneys for Plaintiff
STATE OF MAINE

Nicholas Espíritu (SBN 237665)
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Boulevard, #108-62
Los Angeles, CA 90010
Telephone: (213) 639-3900
Facsimile: (213) 639-3911
E-mail: espiritu@nilc.org

Antionette Dozier (SBN 244437)
WESTERN CENTER ON LAW & POVERTY
3701 Wilshire Boulevard, Suite 208
Los Angeles, CA 90010
Telephone: (213) 487-7211
Facsimile: (213) 487-0242
E-mail: adozier@wclp.org

Martha Jane Perkins (SBN 104784)
NATIONAL HEALTH LAW PROGRAM
200 N. Greensboro Street, Ste. D-13
Carrboro, NC 27510
Telephone: (919) 968-6308
Facsimile: (919) 968-8855
E-mail: perkins@healthlaw.org

Laboni Hoq (SBN 224140)
ASIAN AMERICANS ADVANCING JUSTICE
– LOS ANGELES
1145 Wilshire Blvd., 2nd Floor
Los Angeles, CA 90017
Telephone: (213) 977-7500
Facsimile: (213) 977-7500
E-mail: lhoq@advancingjustice-la.org

Attorneys for Plaintiffs
LA CLÍNICA DE LA RAZA; CALIFORNIA
PRIMARY CARE ASSOCIATION;
MATERNAL AND CHILD HEALTH
ACCESS; FARMWORKER JUSTICE;
COUNCIL ON AMERICAN ISLAMIC
RELATIONS-CALIFORNIA; AFRICAN
COMMUNITIES TOGETHER; LEGAL AID
SOCIETY OF SAN MATEO COUNTY;
CENTRAL AMERICAN RESOURCE
CENTER, and KOREAN RESOURCE
CENTER

1   JOSH SHAPIRO
    Attorney General for the Commonwealth of
2   Pennsylvania
    MICHAEL J. FISCHER
3   Chief Deputy Attorney General
    AIMEE D. THOMSON*
4   Deputy Attorney General
    1600 Arch St., Suite 300
5   Philadelphia, PA 19103
    Telephone: (267) 940-6696
6   Email: athomson@attorneygeneral.gov

7   Attorneys for Plaintiff
    COMMONWEALTH OF PENNSYLVANIA
8

9   ELLEN ROSENBLUM
    Attorney General of Oregon
    NICOLE DEFEVER
10  MICHAEL KRON
    Assistant Attorney General
11  Oregon Department of Justice
    100 SW Market Street
12  Telephone:: (971) 673-1880
    Fax: (971) 673-5000
13  Nicole.Defever@doj.state.or.us
    Michael.C.Kron@doj.state.or.us
14

15  Attorneys for Plaintiff
    STATE OF OREGON

16

17

18

19

20

21

22

23

24

25

26

27

28

On August 28, 2019, the City and County of San Francisco and the County of Santa Clara (collectively, the "Counties") filed a Motion for Preliminary Injunction to enjoin Defendants from implementing or enforcing the Final Rule of the Department of Homeland Security on "Inadmissibility on Public Charge Grounds," 84 Fed. Reg. 41292 ("Final Rule").

On August 26, 2019, the State of California, the District of Columbia, the State of Maine, the Commonwealth of Pennsylvania, and the State of Oregon (collectively, the "State Plaintiffs") filed a Motion for Preliminary Injunction to enjoin Defendants from implementing or enforcing the Final Rule.

On September 3, 2019, La Cliníca de La Raza, African Communities Together, California Primary Care Association, Central American Resource Center, Farmworker Justice, Council on American-Islamic Relations-California, Korean Resource Center, Maternal and Child Health Access, Legal Aid Society of San Mateo County, and Asian Health Services (together, the "Organizational Plaintiffs" and together with the Counties and State Plaintiffs, the "Plaintiffs") filed a Motion for Preliminary Injunction to enjoin Defendants from implementing or enforcing the Final Rule.

A hearing on the Counties' motion, the State Plaintiffs' motion, and the Organizational Plaintiffs' motion (together, the "Motions") was held on Wednesday, October 2, 2019 at 9 a.m.

The Court, having considered the Motions and the documents filed therewith, all of the papers on file in the actions, and the evidence and arguments presented at the hearing, hereby GRANTS the Plaintiffs' Motions. The Court finds that each of the necessary elements for issuing a preliminary injunction are met: the Plaintiffs are likely to prevail on the merits of their claims; absent a preliminary injunction, the Plaintiffs would be likely to suffer irreparable injury; the balance of equities favors the Plaintiffs; and the requested relief is in the public interest. In particular, the Plaintiffs are likely to prevail on the merits of their claims that (1) the Final Rule is contrary to law and thus violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), and (2) the Final Rule is arbitrary, capricious, and an abuse of discretion and thus violates the APA, 5 U.S.C. § 706(2)(A).

///

///

///

**PRELIMINARY INJUNCTION**

Now, therefore, it is hereby ORDERED that:

DEFENDANTS Kevin McAleenan, in his official capacity as Acting Secretary of Homeland Security; the U.S. Department of Homeland Security; Kenneth T. Cuccinelli, in his official capacity as Acting Director of U.S. Citizenship and Immigration Services; U.S. Citizenship and Immigration Services; and their officers, agents, servants, employees, and attorneys, and any other persons or entities acting in concert or participation with them, ARE HEREBY RESTRAINED AND ENJOINED from committing, or performing, directly or indirectly, any and all of the following acts:

1.      Applying the Final Rule, in whole or in part, to a person whose Residence or Domicile is in one of the Covered Jurisdictions at the time of that person's Application;

2.      Applying the Final Rule, in whole or in part, to a person whose Residence or Domicile is in one of the Covered Jurisdictions at the time of adjudication of that person's Application;

3.      Applying the Final Rule, in whole or in part, to a person who at the time of Application, or adjudication of such Application, is part of a household (as defined in the Final Rule's 8 C.F.R. § 212.21(d)) that includes a person whose Residence or Domicile is in one of the Covered Jurisdictions;

4.      Considering a person's application for, certification for, or receipt of a Newly Enumerated Benefit administered, funded, or provided, in whole or in part, in or by one of the Covered Jurisdictions as part of an assessment of whether that person or a member of their household (as defined in the Final Rule's 8 C.F.R. § 212.21(d)) "is likely at any time to become a public charge" within the meaning of 8 U.S.C. § 1182(a)(4); and

5.      Communicating to members of the public (including through Defendants' websites, forms, instruction sheets, guidance documents, fact sheets, press releases, and other formal and informal documents) that the Final Rule has been implemented or applies to persons who Reside or are Domiciled in the Covered Jurisdictions.

6.      For purposes of this Order, the following terms shall be defined as described below:

      a.      "Final Rule" means the Final Rule of the Department of Homeland Security on "Inadmissibility on Public Charge Grounds," 84 Fed. Reg. 41292 (Aug. 14, 2019).

b. "Application" refers to all applications that require a public charge determination under the Final Rule.

c. "Covered Jurisdictions" means the following jurisdictions:

    i. City and County of San Francisco (Plaintiff in Case No. 19-cv-04717);

    ii. County of Santa Clara (Plaintiff in Case No. 19-cv-04717);

    iii. State of California (Plaintiff in Case No. 19-cv-04975 and the location of the following Plaintiffs in Case No. 19-cv-04980: California Primary Care Association (Castellano-García Decl. ¶ 3); Central American Resource Center (Sharp Decl. ¶ 3); La Cliníca de La Raza (García Decl. ¶ 4); Council on American-Islamic Relations-California (Ayloush Decl. ¶ 3); Korean Resource Center (Seon Decl. ¶ 3); Maternal and Child Health Access (Kersey Decl. ¶ 2); and Legal Aid Society of San Mateo (Nakamura Decl. ¶ 3));

    iv. District of Columbia (Plaintiff in Case No. 19-cv-04975 and the location of the following Plaintiffs in Case No. 19-cv-04980: African Communities Together (Kassa Decl. ¶ 3) and Farmworker Justice (Goldstein Decl. ¶ 3));

    v. State of Maine (Plaintiff in Case No. 19-cv-04975);

    vi. Commonwealth of Pennsylvania (Plaintiff in Case No. 19-cv-04975);

    vii. State of Oregon (Plaintiff in Case No. 19-cv-04975); and

    viii. State of New York (the location of the following plaintiff in Case No. 19-cv-04980: African Communities Together (Kassa Decl. ¶ 3)).

d. "Newly Enumerated Benefit" means the following:

    i. Supplemental Nutrition Assistance Program (SNAP), 7 U.S.C. §§ 2011-2036c;

    ii. Section 8 Housing Assistance under the Housing Choice Voucher Program, as administered by HUD under 42 U.S.C. § 1437f;

1              iii.     Section 8 Project-Based Rental Assistance (including Moderate

2                       Rehabilitation) under Section 8 of the U.S. Housing Act of 1937 (42

3                       U.S.C. § 1437f);

4              iv.     Medicaid under 42 U.S.C. § 1396 et seq. (excluding Medicaid used to

5                       support a person's institutionalization for long-term care—e.g., in a

6                       nursing home or mental health institution); and

7              v.     Public Housing under section 9 of the U.S. Housing Act of 1937.

8         e.     "Residence" means the location where a person lives (and, with respect to a

9              lawful permanent resident who leaves the United States, the person's United

10             States residence at the time of their most recent departure).

11        f.     "Domicile" means the location of a person's fixed habitation or abode where the

12             person intends to remain permanently or indefinitely (and, with respect to a

13             lawful permanent resident who leaves the United States, the person's United

14             States domicile at the time of their most recent departure).

15

16   IT IS SO ORDERED

17

18   Dated: _____

19                                            HON. PHYLLIS J. HAMILTON
                                              United States Chief District Judge

20

21

22

23

24

25

26

27

28