UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-04717-PJH<br>Case No. 19-cv-04975-PJH<br>Case No. 19-cv-04980-PJH<br><br>**Related Cases**<br><br>**ORDER REGARDING ADMINISTRATIVE MOTION TO MANUALLY FILE ADMINISTRATIVE RECORD** |
| STATE OF CALIFORNIA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　Defendants. | |
| LA CLINICA DE LA RAZA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DONALD J. TRUMP, et al.,<br><br>　　　　Defendants. | |

　　Before the court in each of the above-captioned, related cases is defendants' administrative motion for leave to manually file the administrative record. Defendants affirm that they have provided the administrative record—in what they believe is its entirety—to all plaintiffs in each action. Mot. at 1 & n.1. They argue that the Federal Rules of Civil Procedure and this court's Local Rules do not require filing with the court a

1  copy of the entire administrative record. Id. at 1. They also argue that the record is too
2  voluminous to file on the court's publicly-available docket, and they accordingly seek
3  leave to send a copy of certain materials to the court on physical media (a hard drive or
4  DVDs), which would be inaccessible to the public. No party has opposed defendants'
5  administrative motion, and the deadline to do so has passed.

6  The plaintiffs have brought certain causes of action pursuant to 5 U.S.C. § 706.
7  When reviewing an agency action under that section, "the court shall review the whole
8  record **or those parts of it cited by a party**[.]" 5 U.S.C. § 706 (emphasis added).
9  Defendants represent that the whole record consists of "380,287 pages comprising
10 approximately 123 Gigabytes of electronic information," and as such would require
11 "someone working full-time multiple months" to prepare and file with the court. Mot. at 1–
12 2. Alternatively, they estimate that another method of filing would take "approximately
13 4,469 hours," or "approximately 558 work days (or over two years when accounting for
14 holidays and weekends) to file the record through ECF[.]" Id. at 2–3.

15 In short, defendants represent that the whole record would take months, or even
16 years, to prepare and file on the court's docket—to say nothing of the time it would take
17 the court to read and analyze such materials. Given that the "whole record" is too
18 voluminous to be <u>filed</u> with the court (much less <u>reviewed</u> by the court), the court's review
19 of the administrative record for plaintiffs' APA claims will be limited to those parts of the
20 record cited by a party. The court will not consider portions of the record that are not
21 available on the court's public docket. If a party does not believe the entirety of the
22 record is necessary for the resolution of its case, it shall file through ECF only those
23 portions of the record cited to in their briefs. Any portions not filed though ECF will not be
24 considered by the court as part of the record on review.

25 **IT IS SO ORDERED.**

26 Dated: January 10, 2020

27 /s/ Phyllis J. Hamilton
28 PHYLLIS J. HAMILTON
United States District Judge

2